UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00565-CRS

ALBERTO JAMES SANTIAGO                                                              PLAINTIFF

v.

MAGISTRATE JUDGE REGINA S. EDWARDS                                       DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Alberto James Santiago, initiated this action on November 1, 2023 and simultaneously moved for leave to proceed *in forma pauperis*. On November 9, 2023, the court granted the motion. *See* DN 05. Because Plaintiff is proceeding *pros se*, the Court must review his Complaint under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). This matter is now before the Court for initial review pursuant to § 1915(e)(2). For the reasons set forth below, the court will dismiss this case.

On initial review, the court must dismiss this case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has filed a complaint against Magistrate Judge Regina Edwards (DN 01). Plaintiff makes several allegations, most of which express dissatisfaction with rulings as to extensions of time to respond to Plaintiff's Complaint in a different lawsuit he filed in this district, Civil Action No. 3:21-CV-00720, which remains pending. *Id.* As the legal basis for his Complaint in the instant

action, Plaintiff cites 28 U.S.C. § 351 and 28 U.S.C. § 364, which are part of the Judicial Conduct and Disability Act (the "JCDA").[1]

Under § 351, any person alleging that a judge has "engaged in conduct prejudicial to the effective and expeditions administration of the business of the courts . . . may file ***with the clerk of the court of appeals for the circuit*** a written complaint containing a brief statement of the facts constituting such conduct." 28 U.S.C. § 351(a) (emphasis added). Then, the chief judge of the circuit is tasked with reviewing the complaint and determining the appropriate course of action. 28 U.S.C. § 352. Plaintiff has filed his Complaint in the wrong court. Here, the court of appeals for the circuit is the United States Court of Appeals for the Sixth Circuit. Plaintiff's complaint must be filed with the clerk of that court. Having filed with the wrong court, Plaintiff has failed to state a claim upon which this court may grant relief. His case must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

The court will dismiss this action by separate order.

December 8, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*

---

[1] Section 364 pertains to judges who have been convicted of a felony and does not apply to Plaintiff's claims.